UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
TIQUAN DAVIS,        :
             :   15 Civ. 5359 (KMK)
       Plaintiff,  :
             :
    - against -    :
             :
CORRECTION OFFICER ANGELA JACKSON, et :
al.,             :
             :
       Defendants. :
------------------------------------------------------------ X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants
24 Liberty Street, 18th Floor
New York, NY 10271
(212) 416-8582

YAN FU
Assistant Attorney General
 of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
TIQUAN DAVIS,                                              :
                                                          :        15 Civ. 5359 (KMK)
                                    Plaintiff,            :
                                                          :
                          - against -                     :
                                                          :
CORRECTION OFFICER ANGELA JACKSON, et :
al.,                                                      :
                                                          :
                                    Defendants.           :
------------------------------------------------------------ X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Remaining Defendants, Correction Officer ("CO") Tywona Grant and Sergeant ("Sgt.") Todd Paroline, employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), respectfully submit this memorandum of law in support of their pre-answer motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  In this 42 U.S.C. § 1983 action, pro se Plaintiff Tiquan Davis, an inmate at Sing Sing Correctional Facility ("Sing Sing"), brings retaliation claims arising out of allegedly false misbehavior reports he received from CO Grant (on an unspecified date in March 2014 and on October 31, 2015) and Sgt. Paroline (on August 4, 2015 and August 8, 2015).  Summary judgment should be granted to Defendants because Plaintiff failed to exhaust his available administrative remedies, as required by the Prison Litigation Reform Act of 1995 ("PLRA"), with regard to any of these incidents.

### RELEVANT PROCEDURAL HISTORY

Plaintiff signed the Complaint on June 29, 2015.  Dkt No. 2 at 7.  On December 28, 2015, the original defendants filed a motion to dismiss.  The motion was granted in its entirety, without prejudice, on September 30, 2016.  Dkt No. 52. On December 1, 2016, Plaintiff filed an Amended

Complaint. Dkt No. 65.  Among other things, the Amended Complaint included, for the first time, claims against CO Grant and Sgt. Paroline.  Id.  On June 30, 2017, all of the defendants filed a motion to dismiss.  On January 8, 2018, defendants' motion to dismiss was granted in part and denied in part. Dkt No. 86.  Specifically, defendants' motion was denied with respect to Plaintiff's retaliation claim against Sgt. Paroline and Plaintiff was granted leave to amend his claim against CO Grant.  Id.[1]  On January 22, 2018, Sgt. Paroline submitted an answer to the Amended Complaint.  Dkt No. 87.  On February 16, 2018, Plaintiff filed the Second Amended Complaint. Dkt No. 88.  On March 23, 2018, Sgt. Paroline and CO Grant requested a pre-motion conference in connection with their anticipated pre-discovery summary judgment motion based on Plaintiff's failure to exhaust.  Dkt No. 91.  The Court waived the conference requirement and set a briefing schedule.  Dkt No. 92.

## STATEMENT OF RELEVANT FACTS

Plaintiff alleges in this action that: (1) at some time in March 2014, CO Grant issued a false misbehavior report against him in retaliation for an incident involving he and CO Jackson; (2) on October 31, 2015, CO Grant issued a misbehavior report against him in retaliation for filing a lawsuit against CO Jackson; (3) on August 4, 2015, Sgt. Paroline confiscated his belt buckle, falsely told OMH officials that Plaintiff was suicidal, and wrote a false misbehavior report; and (4) on August 8, 2015, Sgt. Paroline wrote Plaintiff another misbehavior report after Plaintiff was found not guilty of the charges in the August 4, 2015 misbehavior report.  See Second Amended Complaint.

---

[1] Defendants Jackson, Ortiz, Shibah, O'Cana, Donahue, and George were dismissed from this action.

On August 13, 2015, Plaintiff filed a grievance alleging, among other things that, on August 4, 2015, Sgt. Paroline confiscated his belt buckle, falsely told OMH officials that Plaintiff was suicidal, and wrote him a false misbehavior report.  See Declaration of Quandera Quick ("Quick Decl.") Ex. B (Grievance 55480-15).  Because Plaintiff's grievance alleged harassment by prison staff, the grievance was forwarded to the Sing Sing Superintendent's office for investigation and response, pursuant to the DOCCS Inmate Grievance Program ("IGP") procedures (see 7 NYCRR § 701.8(b)).  Quick Decl. ¶ 9.

On September 3, 2015, the Sing Sing Superintendent issued a decision ("Superintendent's Decision"), denying grievance 55480-15. See Quick Decl. Ex. B. Neither the Sing Sing IGP office nor the Central Office Review Committee ("CORC") has any record of an appeal of the Superintendent's Decision.  Quick Decl. ¶ 10; see Declaration of Rachael Seguin ("Seguin Decl.") ¶ 8 and Ex. A.

Plaintiff filed eight other grievances at Sing Sing between 2014 and 2017, none of which involved a false misbehavior report or other harassment by staff.  Quick Decl. ¶¶ 7, 12, and Ex. A. In addition, CORC only has record of two appeals of grievances by Plaintiff since 2012: a 2016 grievance regarding television programming and a 2017 grievance regarding a program.  Seguin Decl. ¶ 8 and Ex. A.

## ARGUMENT

## STANDARD OF REVIEW

Where the evidence presented "shows that there is no genuine dispute as to any material fact," summary judgment is appropriate.  Fed. R. Civ. P. 56(a); Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1, 5 (2d Cir. 1999) (for purposes of summary judgment, "materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the

applicable substantive law"). A factual dispute that is immaterial to the disposition of a case under governing law will not preclude summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Moreover, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial and cannot defeat a motion for summary judgment." Salahuddin v. Goord, 467 F.3d 263, 281 (2d Cir. 2006) (citation omitted).

To defeat a properly-supported motion for summary judgment, a party asserting that a fact "is genuinely disputed must support the assertion by: citing to particular parts of materials in the record, . . . or showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The 'mere existence of a scintilla of evidence in support' of the non-moving party's position is likewise insufficient; 'there must be evidence on which the jury could reasonably find' for him. Sioleski v. Capra, No. 16 Civ. 1185, 2016 WL 6459806, at *2 (S.D.N.Y. Oct. 31, 2016) (quoting Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004)).

## PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [section 1983], or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). In order to satisfy the PLRA, the inmate must strictly comply

with the state correctional system's grievance procedures; "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).  Where an inmate alleges retaliation based on the filing of an allegedly false misbehavior report, exhaustion through the inmate grievance program is required. Washington v. Chaboty, No. 09 Civ. 9199, 2015 WL 1439348, at *7 (S.D.N.Y. Mar. 30, 2015).

In the DOCCS prison system, the inmate is required to file a grievance with the Inmate Grievance Program ("IGP") offering a "concise, specific description of the problem."   NYCRR § 701.5(a)(2). To allow an inmate to later bring a federal claim, the grievance must also put the defendants on notice by "provid[ing] enough information about the conduct of which [the inmates] complain to allow prison officials to take appropriate responsive measures." Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004).

The IGP procedure ordinarily involves three steps, all of which must be completed before an inmate confined in a New York State prison can bring a § 1983 suit challenging alleged misconduct:  (1) the inmate must first file a complaint with the facility grievance office; (2) the inmate must appeal an adverse decision from the Inmate Grievance Resolution Committee ("IGRC") to the superintendent of the correctional facility; and finally (3) the inmate must appeal an adverse decision from the superintendent to CORC.  See 7 NYCRR § 701.5.  Grievances alleging misconduct by staff against an inmate are subject to an expedited administrative review, bypassing the IGRC. They are immediately referred to the superintendent of the facility, and must also be exhausted through a final appeal to CORC. See 7 NYCRR § 701.8.  The grievance procedure is set forth in DOCCS Directive No. 4040, which is available to inmates.  Seguin Decl.

¶ 3.

In <u>Ross v. Blake</u>, __ U.S. __, 136 S.Ct. 1850, 1856, 195 L.Ed.2d 117 (2016), the Supreme Court rejected the creation of court-made exceptions to the exhaustion requirement, such as the "special circumstances" exception previously recognized by the Second Circuit.  136 S.Ct. at 1858.  Although the Supreme Court noted that in certain circumstances, issues may exist as to whether administrative remedies are, in fact, "available" to exhaust, <u>id.</u>, 136 S.Ct. at 1859, where, as here, Defendants have demonstrated the existence of the grievance process provided by Directive 4040, it is Plaintiff's burden to demonstrate that the particular circumstances of his case rendered the grievance process unavailable.  <u>See</u> <u>White v. Velie</u>, 709 Fed. Appx. 35, 38 (2d Cir. 2017) (summary order) (citing <u>Hubbs v. Suffolk Cnty. Sheriff's Dep't</u>, 788 F.3d 54, 59 (2d Cir. 2015), and <u>Ross</u>, 136 S.Ct. at 1859).  Plaintiff cannot make such a demonstration here.

DOCCS's grievance procedure was available to Plaintiff.  Indeed, Plaintiff himself has used the grievance system at Sing Sing multiple times.  Quick Decl. ¶ 7; Seguin Decl. ¶ 7.  Summary judgment should be granted to Defendants because Plaintiff has failed to exhaust his remedies, through this grievance procedure, with regard to any of the remaining allegations in the Second Amended Complaint.  The record shows that Plaintiff filed a grievance regarding the August 4, 2015 ticket written by Sgt. Paroline and the other allegations of that date, and received a decision from the Superintendent, which he failed to appeal the grievance to CORC.  Plaintiff did not file grievances regarding the other incident with Sgt. Paroline or any March 2014 or October 31, 2015 incident involving CO Grant.

The only excuse for a failure to exhaust administrative remedies is that they were "unavailable" within the meaning of the PLRA.  <u>See</u> <u>Ross</u>, 136 S. Ct. at 1850; <u>Williams v. Correction Officer Priatno</u>, 829 F.3d 118, 123 (2d Cir. 2016).  There are three scenarios in which

an administrative remedy, though it exists formally, is functionally unavailable: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief"; (2) when "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use" because "no ordinary prisoner can discern or navigate it"; or (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60.  The Supreme Court has cautioned that the three circumstances noted above "will not often arise." Id. at 1859.  Plaintiff has not offered any valid excuse for failing to exhaust.

Accordingly, because Plaintiff has failed to follow the requirements of the PLRA, the Court should grant summary judgment to Defendants. Finally, in the event that the Court concludes material issues exist as to whether Plaintiff exhausted, an evidentiary hearing rather than a trial on the issue is required, as the issue of non-exhaustion is a threshold issue that must be determined by the Court.  See Messa v. Goord, 652 F.3d 305, 309 (2d Cir. 2011).

**<u>CONCLUSION</u>**

For the reasons set forth above, Defendants respectfully request that the Court grant them

summary judgment and dismiss this action.

Dated: New York, NY
       May 3, 2018

                                         Respectfully submitted,

                                         ERIC T. SCHNEIDERMAN
                                         Attorney General of the State of New York
                                         Attorney for Defendant
                                         By:

                                         */s/ Yan Fu*
                                         YAN FU
                                         Assistant Attorney General
                                         28 Liberty Street, 18th Floor
                                         New York, NY 10005
                                         (212) 416-8582

8